UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff/Respondent, ) | Crim. No.: 6:14-cr-0032-GFVT-1 |
| ) | Related Civil No.: 6:16-cv-0157-GFVT |
| V. ) | |
| ) | |
| JOHNNY BRUMLEY, ) | **MEMORANDUM OPINION** |
| ) | **&** |
| Defendant/Petitioner. ) | **ORDER** |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is before the Court on the Recommended Disposition filed by the United States Magistrate Judge Candace J. Smith. [R. 125.] The Defendant, Johnny Brumley, has filed a *pro se* motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. [R. 93.] Consistent with local practice, Judge Smith reviewed the motion and ultimately recommends that the Court deny the Defendant's § 2255 motion in its entirety.

Under Federal Rule of Civil Procedure 72(b)(2), a petitioner has fourteen days after service to register any objections to the Recommended Disposition or else waive his rights to appeal. In order to receive *de novo* review by this Court, any objection to the recommended disposition must be specific. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). A specific objection must "explain and cite specific portions of the report which [defendant] deem[s] problematic." *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) (internal quotations and citations omitted). A general objection that fails to identify specific factual or legal issues from the recommendation, however, is not permitted, since it duplicates the Magistrate's efforts and

wastes judicial economy. *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991).

Mr. Brumley filed timely[1] objections to the Recommendation. [R. 127.] The Court acknowledges its duty to review Mr. Brumley's filings under a more lenient standard than the one applied to attorneys because Mr. Brumley is proceeding *pro se*. *See Franklin v. Rose*, 765 F.2d 82, 84–85 (6th Cir. 1985). Under this more lenient construction, the objections are sufficiently definite to trigger the Court's obligation to conduct a *de novo* review. *See* 28 U.S.C. § 636(b)(1)(c). The Court has satisfied that duty, reviewing the entire record, including the pleadings, the parties' arguments, relevant case law and statutory authority, as well as applicable procedural rules. For the following reasons, Mr. Brumley's objections will be **OVERRULED**.

# I

Judge Smith's Recommended Disposition accurately sets forth the factual and procedural background of the case. The Court mentions only key facts to frame its discussion and analysis and incorporates Judge Smith's discussion of the record into this Order.

In August of 2014, Defendants Johnny Brumley and his son, Jonathon D. Brumley, were indicted for conspiracy to distribute oxycodone. [R. 1.] After a guilty plea, Johnny Brumley was sentenced by this Court on July 2, 2015, to sixty-six months of imprisonment, which he did not appeal. [R. 86.] In his plea agreement, Mr. Brumley admitted that law enforcement seized or purchased approximately 5,250 milligrams of oxycodone, and that he was responsible for distribution of oxycodone pills corresponding to a marijuana equivalency of between 80 and 100

---

[1] Pursuant to the prison mailbox rule, Mr. Brumley filed his objections on September 1, 2017. *See Richard v. Ray*, 290 F.3d 810, 812–13 (6th Cir. 2002). However, he states in his objections that he did not receive the Report and Recommendation until August 21, 2017, twelve days into the fourteen-day objection period. Accordingly, the Court construes Mr. Brumley's first paragraph to be a motion for leave to file objections out of time, which is **GRANTED**.

kilograms. [R. 80 at 2.] Pursuant to the 2014 Guidelines Manual, under which Mr. Brumley's offense level was calculated, one gram of oxycodone is equivalent to 6,700 grams of marijuana. U.S.S.G. § 2D1.1, Application Note 8(D). This means, pursuant to his plea agreement, he agreed to responsibility for between 11,940 milligrams and 14, 930 milligrams of oxycodone.[2] The plea agreement does not make any statements regarding how many pills this would equate to, or how much oxycodone was in each pill.

Based on an assumption that each pill held 30 milligrams of oxycodone, this equates to roughly 398–498 pills. Based on the alternative idea, proposed by Mr. Brumley, that each pill contained 27 milligrams of oxycodone, this amount results in roughly 442–553 pills. In his petition for relief, Mr. Brumley states that he was responsible for "way less than 5,000 pills." [R. 93-1 at 1.] The Government, in its response, incorrectly stated that the marijuana equivalency of 80–100 kilograms results in between 300 and 400 oxycodone pills. [R. 110 at 4.]

## II

In his § 2255 motion, Mr. Brumley asserted four claims based on ineffective assistance of counsel. [R. 93; R. 93-1.] He believes his trial attorneys were ineffective for several reasons: (1) failure to negotiate a plea agreement that accurately reflects his culpability; (2) advising him to accept the plea agreement, even though the drug quantity was ambiguous; (3) providing misleading advice during sentencing and failure to object to the Presentence Report; and (4) failure to seek a mitigating role reduction pursuant to United States Sentencing Guidelines § 3B1.2. To prevail on a claim of ineffective assistance of counsel, a defendant must prove both

---

[2] 80 kilograms of marijuana = 80,000 grams of marijuana
80,000 grams of marijuana ÷ 6,700 grams of marijuana/gram of oxycodone ≈ 11.94 grams of oxycodone
11.94 grams of oxycodone = 11,940 milligrams of oxycodone

100 kilograms of marijuana = 100,000 grams of marijuana
100,000 grams of marijuana ÷ 6,700 grams of marijuana/gram of oxycodone ≈ 14.93 grams of oxycodone
14.93 grams of oxycodone = 14,930 milligrams of oxycodone

3

deficient performance and prejudice to assert successfully an ineffective assistance of counsel claim. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *Pough v. United States*, 442, F.3d 959, 964 (6th Cir. 2006). Judge Smith thoughtfully considered each of Mr. Brumley's claims and determined, under *Strickland*, Mr. Brumley is not entitled to relief. The Court agrees with Judge Smith's conclusions and now turns to Mr. Brumley's specific objections to her Recommendation.

**A**

Mr. Brumley's primary objection is to Judge Smith's rejection of his claims regarding the drug quantity. [R. 127 at 3–11.] He focuses on the Government's incorrect assertion that a marijuana equivalency of 80–100 kilograms results in 300–400 oxycodone pills, and he attempts to argue that this proves his base offense level was too high. Mr. Brumley emphasizes that he does "not know the actual quantity of pills he was being held accountable for." *Id*. However, the number of pills is irrelevant in this matter. At rearraignment, he agreed to be responsible for a number of pills with a marijuana equivalency of between 80 and 100 kilograms. [R. 107 at 42–43.] His base offense level, therefore, was based on this amount. [PSR at ¶ 12.]

Mr. Brumley insists now that he was only accountable for 300–400 pills with 27 milligrams of oxycodone in each pill. [R. 127 at 5.] However, the 300–400 pill count comes, not from the record, but from the Government's response to Mr. Brumley's petition. [R. 110 at 4.] Furthermore, the only evidence he presents that the pills were 27 milligrams, not 30 milligrams, is his own declaration and "a medical website." [R. 113-1 at 2.] "Solemn declarations in open court carry a strong presumption of verity. The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible." *Blackledge v. Allison*, 431 U.S.

63, 74 (1977). Here, Mr. Brumley's assertion that he was responsible for only 300–400 27-milligram-pills directly contradicts the record, and therefore this objection must be overruled.

**B**

Next, Mr. Brumley objects to Judge Smith's determination that he is not entitled to an evidentiary hearing. [R. 127 at 12–13.] Mr. Brumley believes that the conflicting reports regarding pill quantity entitle him to an evidentiary hearing to determine his drug quantity responsibility. *Id.* However, the record explicitly states that he admitted culpability to a marijuana equivalency of between 80 and 100 kilograms. [R. 107 at 42–43.] Though he now claims he did not understand the number of pills he was admitting to, at rearraignment, he told the Court, under oath, that he understood everything in his plea agreement, which included the drug quantity. [R. 107 at 18; 44.] Because the record conclusively demonstrates that Mr. Brumley is not entitled to relief, no evidentiary hearing is necessary. *Amr v. United States*, 280 F. App'x 480, 485 (6th Cir. 2008). An evidentiary hearing is not required "if the petitioner's allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999). The Government's assertion, in a post-conviction response, that Mr. Brumley was responsible for only 300–400 pills does not constitute new evidence that requires a hearing at this stage in the proceedings.

**III**

After reviewing *de novo* the entire record, as well as the relevant case law and statutory authority, the Court agrees with Judge Smith's thorough analysis of Mr. Brumley's claims. The Court also denies a certificate of appealability pursuant to 28 U.S.C. § 2253(c) as to each issue asserted. Under Rule 11 of the Federal Rules Governing § 2255 Proceedings, the "district court

must issue or deny a certificate of appealability when it enters a final order adverse to the applicant . . . ." Rules Governing Section 2255 Proceedings, Rule 11. A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). As set forth by the United States Supreme Court, this standard requires the petitioner to "demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *See Slack v. McDaniel,* 529 U.S. 473, 484 (2000); *see also Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). Under this standard, the Court believes that this order, which adopts and incorporates by reference the Magistrate Judge's Recommendation, is not debatable enough to issue a certificate of appealability. Accordingly, and the Court being otherwise sufficiently advised, it is hereby **ORDERED** as follows:

1. Defendant/Movant Johnny Brumley's construed Motion for Leave to File Objections Out of Time [**R. 127**] is **GRANTED**;

2. Defendant/Movant Johnny Brumley's Objections to the Recommended Disposition [**R. 127**] are **OVERRULED**;

3. The Magistrate Judge's Recommended Disposition [**R. 125**] is **ADOPTED** as and for the Opinion of this Court;

4. The Defendant's Motion to Vacate under § 2255 [**R. 93**] is **DISMISSED WITH PREJUDICE**;

5. A Certificate of Appealability is **DENIED** as to all issues raised by the Defendant; and

6. **JUDGMENT** in favor of the United States will be entered contemporaneously herewith.

This the 15th day of November, 2018.

Gregory F. Van Tatenhove
United States District Judge